UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12-cr-00169-JAW |
| | ) | |
| GERALD T. RICH, JR. | ) | |

**ORDER DENYING MOTION TO AMEND JUDGMENT**

On July 29, 2013, the Court sentenced Gerald T. Rich, Jr. to 72 months in prison and four years of supervised release. *Minute Entry* (ECF No. 25). The Court entered judgment on July 30, 2013. *J.* (ECF No. 28). On August 1, 2013, Mr. Rich filed a motion to amend the judgment "to include a recommendation of a Prison as close to Maine as possible" to allow his family to visit him more regularly. *Mot. to Amend J. and Commitment* (ECF No. 30). The United States does not oppose Mr. Rich's motion. *Id.* On August 5, 2013, Mr. Rich filed a notice of appeal to the Court of Appeals for the First Circuit. *Notice of Appeal* (ECF No. 31).

Mr. Rich's pending appeal to the First Circuit raises the preliminary question of the extent to which this Court retains jurisdiction over the case. Generally, the filing of a notice of appeal "is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). In the criminal law context, the First Circuit has written that "an appeal from either a final order or an interlocutory order made immediately appealable by statute divests a district court of authority to proceed

with respect to any matter touching upon, or involved in, the appeal." *United States v. Mala*, 7 F.3d 1058 (1st Cir. 1993). This Court is unaware of what issues Mr. Rich intends to raise on appeal; however, as Mr. Rich is making the motion and the Government has not objected, the Court assumes that the Bureau of Prisons (BOP) designation issue is not a matter touching upon the appeal.

The Court need not resolve the jurisdictional question, however, because the Federal Rules of Criminal Procedure do not authorize the type of amendment Mr. Rich requests. *See United States v. Guerrette*, 389 F. Supp. 2d 10, 11-12 (D. Me. 2005) (denying a post-sentencing motion to amend the judgment to recommend a particular incarceration facility). It appears that Mr. Rich's counsel simply forgot to make the designation request at the sentencing hearing. Although the Court is sympathetic to Mr. Rich's desire to remain close to his family, he cites no provision to allow the relief he requests and the Court can find none.

Rule 35(a) allows a court to "correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). Counsel's inadvertence did not, however, result in an arithmetical or technical error in the judgment and the type of "clear error" the Rule contemplates. According to the advisory committee, the "authority to correct a sentence under [Rule 35(a)] is intended to be very narrow and to extend only to . . . errors which would almost certainly result in a remand of the case . . . ." FED. R. CRIM. P. 35(a) advisory committee's note (1991 Amendments); *United States v. Houston*, 529 F.3d 743, 749 (6th Cir. 2008) (limiting the application of Rule 35(a) to "'obvious error or mistake'

that would have resulted in a remand by the appellate court"); *United States v. Fields*, 552 F.3d 401, 404 (4th Cir. 2009) ("[T]he Rule requires some reversible error at the initial sentencing"). Furthermore, in *United States v. Aqua-Leisure Indus., Inc.*, 150 F.3d 95, 96 (1st Cir. 1998), the First Circuit observed that "[a] lawful sentence, lawfully imposed, becomes final when judgment is entered; and Federal Rule of Criminal Procedure 35 was deliberately amended to restrict the opportunity for a district judge to revisit thereafter a lawful sentence lawfully imposed." *Id.* at 96.

Neither does Mr. Rich's motion find any support in Rule 36. Rule 36 allows the Court to "correct a clerical error" or "an error in the record arising from oversight or omission," FED. R. CRIM. P. 36. However, "[a]n error arising from oversight or omission by the court, rather than through a clerical mistake, is not within the purview of [Rule 36]." 3 CHARLES ALAN WRIGHT & SARAH N. WELLING, FEDERAL PRACTICE AND PROCEDURE § 641, at 771-73 (4th ed. 2011); *see also United States v. Fahm*, 13 F.3d 447, 454 n.8 (1st Cir. 1994) ("Rule 36 is considered generally inapplicable to *judicial* errors and omissions").

Mr. Rich has not demonstrated that his motion to amend the judgment to add a BOP designation recommendation fits within any exception to the general rule that "a lawful sentence lawfully imposed becomes final when judgment is entered," *Aqua-Leisure Indus., Inc.*, 150 F.3d at 96, and he has failed to cite any other rule. In short, "[i]f a defendant wishes to serve his incarceration at a specific facility, he

3

should make a timely request, allowing the court to consider it at sentencing." *Guerrette*, 389 F. Supp. 2d at 12.

The Court DENIES Gerald T. Rich, Jr.'s Motion to Amend Judgment and Commitment (ECF No. 30).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 13th day of August, 2013